UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RENIA WILLIAMS and
CHRISTOPHER IVORY,

    Plaintiffs,                                  Case No. 14-cv-12866
                                              Hon. Matthew F. Leitman

v.

CHAMPS AUTO SALES, INC. et al.,

    Defendants.
_____/

**ORDER GRANTING DEFENDANT CREDIT ACCEPTANCE
CORPORATION'S MOTION TO COMPEL ARBITRATION (ECF #4) AND
DISMISSING CLAIMS AGAINST DEFENDANT CREDIT ACCEPTANCE
CORPORATION WITHOUT PREJUDICE**

      Plaintiffs Renia Williams and Christopher Ivory (collectively "Plaintiffs") have filed a four-count Complaint against Defendants Champs Auto Sales, Inc. ("Champs") and Credit Acceptance Corporation ("CAC"). The Complaint asserts only a single claim against CAC – Count IV – which alleges a violation of the Electronic Funds Transfers Act, 15 U.S.C. § 1693 et seq. (the "EFTA"). Now before the Court is CAC's motion to compel Plaintiffs to arbitrate their EFTA claim and to dismiss that claim. (*See* ECF #4.) For all of the reasons stated below, the Court **GRANTS** CAC's motion.

1

CAC seeks to compel arbitration based upon a broad arbitration provision in the parties' contract – a provision that requires Plaintiffs to arbitrate any dispute with CAC.[1]  Plaintiffs do not dispute that the arbitration provision is enforceable and do not dispute that it encompasses their EFTA claim.  Plaintiffs make only one argument in their effort to avoid arbitration – that their EFTA claim "is not subject to mandatory arbitration because Congress 'intended to preclude a waiver of a judicial forum' for EFTA claims." (Plaintiffs' Response Brief, ECF # 9 at 2, Pg. ID 88, quoting *Gilmer v. Interstate Johnson Lane Corp.*, 500 U.S. 20, 21 (1991).)  However, "[t]he burden is on the party opposing arbitration … to show that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue," *Shearson/Am. Exp., Inc. v. McMahon*, 482 U.S. 220, 227 (1987), and Plaintiff have failed to satisfy that burden.

Plaintiffs acknowledge that Congressional intent to protect against waiver of the right to a judicial forum must be "deducible from text or legislative history." (Pls.' Resp. Br. at 3, Pg. ID 89, quoting *Mitsubishi Motors Corp. v. Solersoler*, 473 U.S. 614, 628 (1985).)  Plaintiffs purport to find Congress' intent to preclude waiver of a judicial forum for EFTA claims in two provisions of the Act:

---

[1] The contract was originally entered into between Plaintiffs and Champs and was then immediately assigned to CAC.  Plaintiffs do not dispute that CAC may now enforce the contract.

2

1. 15 U.S.C. §1693m(g), which provides: "Without regard to the amount in controversy, any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation"[2]; and

2. 15 U.S.C. § 1693l, which provides: "No writing or other agreement between a consumer and any other person may contain any provision which constitutes a waiver of any right conferred or cause of action created by this subchapter. Nothing in this section prohibits, however, any writing or other agreement which grants to a consumer a more extensive right or remedy or greater protection than contained in this subchapter or a waiver given in settlement of a dispute or action."

Plaintiffs argue that the first provision confers "a substantive right to access federal courts to bring [EFTA] claims," and that the second provision prohibits a waiver of the substantive right of access. (Pls.' Resp. Br. at 4-5, Pg. ID 90-91.)

Plaintiffs mis-read the first provision. It does not create a "substantive right" of access to federal district courts. Instead, it simply provides that a federal district court is one appropriate forum in which to bring an EFTA claim. Plaintiffs have not cited any decision from any court that reads the provision as Plaintiffs do, nor

---

[2] This provision was accurately quoted in Plaintiffs' response brief but was incorrectly cited as 15 U.S.C. § 1693m(f). (*See* Pls. Resp. Br. at 4, Pg. ID 90.)

have Plaintiffs cited a single decision in which any court has held that EFTA claims are not subject to mandatory arbitration.

In fact, several courts – including this Court – have held that EFTA claims may be subject to mandatory arbitration. *See, e.g., Novak v. JP Morgan Chase Bank, N.A.*, 06-cv-14862, 2008 WL 907380 (E.D. Mich. Mar. 31, 2008); *Guadagno v. E*Trade Bank*, 592 F.Supp.2d 1263, 1272 (C.D. Cal. 2008); *Byrd v. Suntrust Bank*, 2013 WL 3816714 (W.D. Tenn July 22, 2013); *Johnson v. W. Suburban Bank*, 225 F.3d 366, 379 (3d Cir. 2000). Plaintiffs have not acknowledged these decisions, much less made any effort to distinguish them or to show why this Court should not follow them.

In sum, Plaintiffs have failed to establish that their EFTA claim is immune from the mandatory arbitration provision in their contract with CAC. Accordingly, **IT IS HEREBY ORDERED THAT**:

    A. CAC's motion to compel arbitration (ECF #4) is **GRANTED**;

    B. If and to the extent that Plaintiffs wish to pursue their EFTA claim against CAC, they are directed to do so in accordance with the terms of the parties' contract; and

    C. In lieu of staying the proceedings against CAC, the sole claim against CAC is **DISMISSED WITHOUT PREJUDICE** to the parties' rights to

move to re-open this case to seek confirmation of an arbitration award or to seek any other relief to which the parties may be entitled.

          s/Matthew F. Leitman
          MATTHEW F. LEITMAN
          UNITED STATES DISTRICT JUDGE

Dated: December 4, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 4, 2014, by electronic means and/or ordinary mail.

          s/Holly A. Monda
          Case Manager
          (313) 234-5113